FILED
APR 1 8 2008
OFFICE OF THE BANKRUPTCY CLERK
SYRACUSE, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:
    DANIEL P. SHUE,

              Debtor.

Case No. 06-31009-mcr
Chapter 7

---

ERIE MATERIALS, INC.,

              Plaintiff,

v.

DANIEL P. SHUE,
              Defendant.

Adv. Proc. No. 06-80034-mcr

---

APPEARANCES:

BYRNE, COSTELLO & PICKARD, P.C.      ZEA M. WRIGHT, ESQ.
Attorneys for Plaintiff      Of Counsel
100 Madison Street, Suite 800
Tower I
Syracuse, New York 13202

SHANLEY LAW OFFICES      P. MICHAEL SHANLEY, ESQ.
Attorneys for Defendant      Of Counsel
P.O. Box 359
3386 Main Street
Mexico, New York 13114

HON. MARGARET CANGILOS-RUIZ, U.S. BANKRUPTCY JUDGE

MEMORANDUM-DECISION AND ORDER DENYING
SUMMARY JUDGMENT AND SETTING TRIAL

Plaintiff in this adversary proceeding, Erie Materials, Inc. ("Plaintiff"), has moved for summary judgment pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7056, which incorporates by reference Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") The Complaint seeks to declare the debt owed to Plaintiff by Daniel P. Shue ("Debtor") in the amount of $66,093.28 plus interest ("Debt") nondischargeable under section 523(a)(4) of

the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532, ("Code"). Issue was joined by the filing of Debtor's answer on March 1, 2006("Answer"). In addition to the foregoing pleadings, the record before the court consists of the affidavit of Kevin C. Burke, Director of Credit and Finance of Plaintiff, sworn to on March 15, 2007, and "attached" exhibits ("Burke Affidavit"),[1] Plaintiff's statement of material facts submitted pursuant to Local Bankruptcy Rule 7056-1 ("LBR 7056-1 Statement"), Plaintiff's brief in support of summary judgment, Debtor's opposing affidavit sworn to on May 10, 2007 with attached exhibits ("Debtor's Affidavit") and Reply Affidavit of Kevin C. Burke, sworn to on May 23, 2007, with exhibits ("Burke Reply Affidavit"). Because the court finds that an essential element of Plaintiff's cause of action has yet to be established and is not supported by the current record, summary judgment is denied. This memorandum-decision sets forth the court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 9021.

## JURISDICTIONAL STATEMENT

Debtor raises in his answer as a third affirmative defense that this court lacks jurisdiction over this proceeding, claiming that the sole defendant should be SBR Roofing, Inc. ("SBR Roofing"). By filing a chapter 7 petition under the Code, Debtor voluntarily submitted to the jurisdiction of this court which has core jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), 157(a), (b)(1) and (b)(2)(I). Accordingly, the court finds, as a matter of law that Debtor's third affirmative defense is without merit insofar as it challenges this court's jurisdiction to decide the issues raised in this adversary proceeding and, accordingly, is stricken.

---

[1] Although the Burke Affidavit references five attached exhibits ("A" through "E"), only three exhibits are attached. The exhibits are misidentified. Exhibits "A" and "C" are the Complaint and Answer, while Exhibit "B" is a Demand for Verified Statement. In the Burke Affidavit, as well as in the LBR 7056-1 Statement and Brief, Exhibit "C" is referred to as "affidavits of numerous Project owners ... evidencing payment to SBR." No such affidavits are attached to the Burke Affidavit or otherwise part of the record.

2

## FACTS

The following undisputed facts are gleaned from the record and include inferences that may properly be drawn from Debtor's failure to comply with LBR 7056-1 by filing a separate statement of material facts to controvert Plaintiff's LBR 7056-1 Statement.[2] See *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003).

Debtor is the president, majority stockholder and director of general contractor SBR Roofing. *See* Answer at ¶ 1. Plaintiff sold building materials on open account to SBR Roofing in connection with various SBR Roofing private projects for homeowners (the "Private Projects"). Plaintiff is owed $66,093.28 plus interest for SBR Roofing's purchases of materials used for the Private Projects. *See* ¶ 1 of Debtor's Answer.

Plaintiff also furnished roofing and other construction materials to SBR Roofing in connection with various SBR Roofing public contracts with New York State Office of General Services for the repair and replacement of roofs for New York State Department of Correctional Services (the "Public Project"). *See* Burke's Reply Affidavit at ¶ 6 and Debtor's Affidavit at ¶ 7. By letter dated January 10, 2005, Plaintiff, by its attorneys, in connection with the Private Projects, served upon Debtor and SBR Roofing a Demand for a Verified Statement ("Demand")[3] pursuant to section 76 of New York State Lien Law (McKinney's Consolidated Laws of New

---

[2] In pertinent part, LBR 7056-1 provides as follows:
    On motion for summary judgment..., there shall be annexed...a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue, with specific citations to the record.
    The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue, with specific citations to the record where the factual issues arise. All material facts set forth in the statement served by the moving party shall be deemed admitted unless controverted by the statement served by the opposing party.

[3] The court notes that although the Demand is dated January 10, 2004, the cover letter directed by certified mail to the Debtor as president of SBR Roofing is dated January 10, 2005. The record is further confused by yet a third date referenced in Plaintiff's LBR 7056-1 Statement which recites at ¶ 5 that the Demand was served on September 16, 2004.

3

York 2007) ("Lien Law"). The Demand required that SBR Roofing, as trustee, serve upon Plaintiff a verified statement containing information regarding funds due, received and disbursed by SBR Roofing in connection with the Private Projects, as set forth in detail in Lien Law section 75. SBR Roofing failed to respond to the Demand. *See* LBR 7056-1 Statement.

On or about February 11, 2005, Plaintiff filed a Notice of Public Improvement Lien in the amount of $93,721.85 due in connection with the Public Project (the "Mechanic's Lien"). *See* Debtor's Affidavit at ¶ 7. On or about May 16, 2005, SBR Roofing and Plaintiff entered into a payment agreement ("Payment Agreement") pursuant to which Plaintiff agreed to release its Mechanic's Lien, which was thereafter discharged. *See* Debtor's Affidavit at ¶¶ 8-9.

Debtor filed a voluntary petition pursuant to chapter 7 of title 11 of the Code on October 11, 2005.

## STANDARD FOR SUMMARY JUDGMENT

In accordance with Fed. R. Civ. P. 56(c), summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." S*ee Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Morenz v. Wilson-Coker,* 415 F.3d 230, 234 (2d Cir. 2005). When the motion is appropriately supported, mere denials by an opposing party in its pleadings are insufficient; a party opposing summary judgment must respond by affidavits setting forth facts demonstrating a genuine issue of fact for trial. Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

The court first considers three legal arguments raised by the Debtor as a basis to dismiss Plaintiff's Complaint. Debtor alleges that 1) Plaintiff waived its rights under the Payment

4

Agreement; 2) the Debt was discharged by the Discharge Order in favor of the debtor on February 10, 2006; and 3) SBR Roofing and not the Debtor is the only proper defendant in this adversary proceeding.

Debtor asserts that by entering into the Payment Agreement Plaintiff waived its rights to recover on Debtor's obligations to Plaintiff under the Lien Law on the Private Projects. Debtor's position is that the Payment Agreement addressed Debtor's obligations as to amounts due Plaintiff on both the Private Projects and the Public Project.

The court rejects as a matter of law Debtor's claim that Plaintiff waived all of its rights arising under the Lien Law by entering into the Payment Agreement. Upon a review of the evidence in the record, the court finds pursuant to Fed. R. Civ. P. 56(d)(1) that the Payment Agreement only addressed obligations arising in connection with the Public Project and the related Mechanic's Lien and expressly reserved to the Plaintiff the very rights Debtor claims were waived.[4] The court also summarily rejects the first affirmative defense asserted in Debtor's Answer that the Debt at issue was discharged by the February 10, 2006 Order of Discharge. The Complaint commencing this action was timely filed on February 2, 2006, five days prior to the deadline for objecting to dischargeability of a specific debt as set by Fed. R. Bank. P. 4007. Official Form B18 specifically explains that debts not covered by the discharge include: "(h) Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged." *See* Form B18 at p.2. Nothing, therefore, in the Discharge granted precludes Plaintiff from establishing nor this court from finding that the Debt should be excepted from discharge. Accordingly, Debtor's first affirmative defense is stricken. Debtor raised as a second

---

[4] Paragraph six of the Payment Agreement entitled "No Waiver" provides "Contractor [SBR] agrees that the Supplier [Plaintiff] is not waiving any rights that it may have to enforce payment of any obligation due to the Supplier, or to enforce any right that Supplier may have pursuant to the Lien Law of the State of New York, or otherwise."

5

affirmative defense in his Answer that SBR Roofing and not Debtor is the proper defendant as an alleged trustee of trust funds under the Lien Law. As president of SBR Roofing, Debtor has a fiduciary duty to the beneficiaries of the trust and can be held personally liable for any breach of trust. *Atlas Bldg. Sys. v. Rende,* 236 A.D.2d 494, 495 (N.Y. App. Div. 1997). The court finds, therefore, that Debtor is properly named as a defendant in this action, although any finding of liability awaits the outcome of trial.

Turning to Plaintiff's prima facie case, its position is that the Debt is non-dischargeable as a matter of law under Code § 523(a)(4) because under the Lien Law: (1) a trust was created consisting of the payments received by SBR Roofing for work performed on the Private Projects; (2) Plaintiff is a beneficiary of such trust; (3) such trust funds were diverted by SBR Roofing and/or Debtor with the knowledge of Debtor; (4) such diversion constitutes "defalcation;" and, (5) Debtor is personally liable for such diversion by virtue of his role as shareholder, officer and president of SBR Roofing. In support of summary judgment, Plaintiff argues that under the Lien Law, Debtor's failure to produce the verified statement in response to the Demand gives rise to a presumption that SBR Roofing and Debtor have applied or consented to the application of trust funds received by them for purposes other than trust purposes.

Debtor admits that a trust was created under the Lien Law for which SBR Roofing was a trustee. (Answer at ¶ 5) Plaintiff is a "materialman" as defined under the Lien Law and, in such capacity, is a beneficiary of the trust which holds a trust claim. Lien Law §§ 2(12), 71(2)(a), (3)(a) and (4). If, as Plaintiff asserts, SBR Roofing received funds from the owners of the Private Projects, those funds, together with any rights of action possessed by SBR Roofing, would form the trust res. Lien Law § 70(1).

This court finds, however, that the record is devoid of any admissible evidence in the

record to support finding that SBR Roofing received payments on the Private Projects, such that a trust was created with a res other than rights of action under the Lien Law. In this regard, Plaintiff references and relies upon purported admissions in the debtor's schedules, testimony of the debtor at the first meeting of creditors and unattached affidavits of project owners, all of which are not before this court as part of the record made in support of summary judgment. Fed. R. Civ. P. 56(e)(1) provides in pertinent part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

Fed. R. Civ. P. 56(e)(1). Plaintiff's bare references to Debtor's schedules and to testimony outside the record are insufficient as a matter of law to establish that SBR Roofing received payment from the owners of the Private Projects. The court similarly rejects as sufficient evidence the assertion in the Burke Affidavit that "upon information and belief, SBR received payments from the owners of various projects which constituted trust funds pursuant to Article 3-A of the Lien Law of the State of New York for which SBR, as well as Daniel P. Shue became the Trustee". Burke Affidavit at ¶ 7.[5]

In light of the failure of proof establishing the existence of trust funds, the court does not reach the issue of diversion of trust funds under the Lien Law nor any presumption arising in support of a claimed defalcation. Summary judgment is, accordingly, denied and this matter shall proceed to trial subject to the aforesaid Facts as established in the action as directed by

---

[5] Nor will the court deem as fact SBR Roofing's receipt of funds from the Private Projects based solely upon Debtor's failure to comply with LBR 7056-1 and to controvert Plaintiff's allegation that SBR Roofing received funds from the owners of the Private Projects. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001) citing *Watt v. New York Botanical Garden*, 2000 U.S. Dist. LEXIS 1611, at *2 n.1, (S.D.N.Y. Feb. 16, 2000) ("Where there are no citations or where the cited materials do not support the factual assertions in the [statement of material facts], the Court is free to disregard the assertion.").

Fed. R. Civ. P. 56 (d)(1) and legal issues decided herein.

The parties shall be afforded an additional period of time until **July 9, 2008** to complete any needed discovery including the filing of any discovery demands in this action and possible motions to compel. Trial of this adversary proceeding shall proceed on **July 24, 2008 at 10:00 a.m.** at the United States Bankruptcy Court, James M. Hanley United States Courthouse and Federal Building, 3rd Floor, 100 South Clinton Street, Syracuse, New York. The parties shall file and serve all exhibits intended to be introduced at trial (original exhibits plus two copies for the court) with a list of witnesses intended to be called to testify, service of which shall be made so as to be received not later than **July 16, 2008**. Any objections to the exhibits or to the witnesses must be filed by **July 21, 2008.** In the absence of objection, all exhibits identified will be admitted and witnesses allowed to testify. The parties are directed to notify the court at the earliest possible time in the event this matter settles and the trial date is no longer required.

**Dated: April 17, 2008**
**Syracuse, New York**

Hon. Margaret Cangilos-Ruiz
U.S. Bankruptcy Judge